IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WILLIAM STEVERSON                :

    v.                           :   Civil Action No. DKC 10-3119

HSBC AUTO FINANCE, INC., et al.  :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this consumer lending case is a motion to dismiss filed by Defendants HSBC Auto Finance, Inc. ("HSBC"), and Santander Consumer USA, Inc. ("Santander") (ECF No. 9), a motion for leave to amend filed by Plaintiff William Steverson (ECF No. 14), Plaintiff's motion "in opposition to the notice of removal by Defendants" (ECF No. 16), and Defendants' motion to strike (ECF No. 22). The issues are fully briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, Plaintiff's motion in opposition to the notice of removal, construed as a motion to remand, will be denied; Defendants' motion to dismiss will be granted; and the remaining motions will be denied as moot.

## I. Background

### A. Factual Background

The following facts are set forth in the complaint. At some point in August 2008, HSBC attempted to repossess a truck owned by Plaintiff William Steverson in relation to a loan he obtained from HSBC. Plaintiff was told this was a "voluntary repossession." (ECF No. 2, at 2). Plaintiff's truck was "suspended in the air for an hour" by a tow truck before it was verified that Plaintiff had not requested the repossession. (*Id.*). Once the apparent misunderstanding was cleared up, Plaintiff's truck was released, but Plaintiff was assessed a "repossession fee" by HSBC. (*Id.* at 3).

Thereafter, Plaintiff noticed "a noise coming from the compressor" of his truck "that wasn't there before [the tow truck] lifted [his] truck in the air." (*Id.* at 2-3). Plaintiff contacted HSBC and asked that it pay for repair, but HSBC did not respond. Plaintiff continued to drive his truck and made payments on the HSBC loan for approximately one year until the "compressor went out." (*Id.* at 3). Plaintiff then paid to have the compressor repaired, but stopped making payments on the loan because he "wanted to recoup the monies [he] used to make the repairs." (*Id.*).

Plaintiff "began to get threatening, harassing calls . . . with racial overtones" from representatives calling on behalf of

HSBC. (*Id.*). He "sent numerous letters, faxes, [and] emails" to HSBC "containing instructions not to continue to contact [him]," along with "pictures of the truck suspended and copies of the bill [he] incurred for damages." (*Id.*). HSBC, however, "refuse[d] to discuss the matter" and continued to have "hundreds of reps" contact Plaintiff regarding the defaulted loan. (*Id.*). HSBC subsequently sold the loan to Defendant Santander, which also failed to respond to Plaintiff's request for reimbursement and "bombard[ed] [him] with calls . . . [at] all times of the day, evening, night, Sundays and holidays." (*Id.*).

### B. Procedural History

On June 4, 2010, Plaintiff, proceeding *pro se*, filed a complaint against HSBC and Santander in the Circuit Court for Prince George's County, Maryland, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"). (ECF No. 2). As to relief, Plaintiff asserted:

> The remedy I am seeking through the courts is first I would like to recover for the money I put out to fix my vehicle, which is twelve hundred dollars ($1200.00) plus one hundred dollars ($100.00) a day interest on my funds because of their liabalist [*sic*] act and one thousand dollars ($1000) for each infraction of the Fair Debt Collection Practices Act. This is what I want from HSBC until the account was sold to Santander[,] then I want one hundred dollars ($100) a day assessed to Santander from the time they took over the account plus one

> thousand dollars ($1000) per infraction of the Fair Debt Collection Practices Act. . . .

(*Id.* at 7).

Upon Plaintiff's request, summonses were reissued on August 25, 2010. (ECF No. 13, Ex. C). Shortly thereafter, he filed two certificates of service indicating that "a copy of the Complaint of Appropriate relief filed in the Circuit Court [for] Prince Georges County Maryland was mailed this [1st] day of September 2010 via certified mail" to "Brendan McDonagh, CEO" of HSBC, "Thomas G. Dundon, CEO" of Santander, and "Laurel Eby, Manager" of HSBC. (*Id.* at Ex. D, E). On September 7, 2010, Plaintiff filed three United States Postal Service return receipts demonstrating that documents addressed to these individuals were delivered – by certified mail, but not restricted delivery – on or about September 3, 2010. (*Id.* at Ex. F).

On November 3, 2010, Defendants removed the case to this court on the basis of federal question jurisdiction.[1] The notice of removal stated that "Santander received a copy of the Complaint by certified mail at its corporate headquarters in Dallas, Texas, on or about September 7, 2010," and that it "was not accompanied by a Summons from the State Court Action." (ECF

---

[1] The notice of removal was filed by HSBC. (ECF No. 1). Santander separately filed notice of its consent to removal on the same date. (ECF No. 4).

4

No. 1, ¶ 4).  The notice further indicated that "[a]lthough Plaintiff attempted to serve HSBC with the Complaint at an address in San Diego, California[,] on or about September 3, 2010, HSBC was no longer located at that address" and, in fact, "did not receive the Complaint until a copy was forwarded to it by Santander on October 4, 2010."  (*Id*. at ¶¶ 5, 6).  According to Defendants, "under the 'last-served defendant rule,' each defendant has 30 days to file a notice of removal, in which earlier-served defendants may join."  (*Id*. at ¶ 8).  Thus, because HSBC did not receive the complaint until October 4, its notice of removal was timely filed.

On November 10, Defendants jointly filed a motion to dismiss for failure to state a claim.  (ECF No. 9).  On November 14, Plaintiff filed a motion for leave to amend the complaint to correct the names of Defendants.  (ECF No. 14).[2]  On December 10, Plaintiff filed a motion "in opposition to the notice of removal by Defendants" (ECF No. 16) and, on January 7, 2011, Defendants moved to strike a surreply filed by Plaintiff related to the motion to dismiss (ECF No. 22).

---

[2] In the initial complaint, Plaintiff named the defendants "HSBC" and "Santander."  (ECF No. 2).  The federal court docket, however, reflects Defendants' proper names, "HSBC Auto Finance, Inc.," and "Santander Consumer USA, Inc."

5

**II. Plaintiff's Motion in Opposition to Notice of Removal**

In his "motion in opposition to the notice of removal by Defendants," Plaintiff argues that he properly effected service of process upon HSBC on September 3, 2010, and upon Santander on September 7, 2010. (ECF No. 16, Ex. 4). He attaches documents purporting to demonstrate that it was reasonable for him to believe that Defendants could be served at the addresses to which he sent copies of the complaint (*id*. at Ex. 2), and asks the court "to dismiss the defendants['] Notice of Removal filed November 23, 2010," adding that "anything less than that would prejudice this case severely" (*id*. at 2).[3]

While the basis of Plaintiff's motion is somewhat vague, the court construes it as a motion to remand. It is well settled that the removing party bears the burden of proving that removal was proper. *See Greer v. Crown Title Corp.*, 216 F.Supp.2d 519, 521 (D.Md. 2002) (citing *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994)). On a motion to remand, the court must "strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court." *Richardson v. Philip Morris Inc.*, 950 F.Supp.

---

[3] Plaintiff inserted a handwritten correction changing the date of the document he seeks to have "dismissed" from November 3, 2010, the date the notice of removal was filed, to November 23, 2010, the date Defendants filed their Local Rule 103.5 certificate, attaching state court filings related to service of process.

6

700, 701-02 (D.Md. 1997) (internal quotation marks omitted). This standard reflects the reluctance of federal courts "to interfere with matters properly before a state court." *Id*.

The removal statute provides, in relevant part:

> Except as otherwise provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

In their notice of removal, Defendants asserted that this court has "original subject matter jurisdiction over the State Court Action pursuant to 28 U.S.C. § 1331, because Plaintiff's right to relief . . . depends upon the resolution of substantial questions of federal law, namely, the FDCPA." (ECF No. 1, ¶ 3). Pursuant to § 1331, federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Federal question jurisdiction is "determined by the well-pleaded complaint rule, which provides that the federal question must be presented on the face of the plaintiff's properly pleaded complaint to confer jurisdiction, and the plaintiff may avoid federal jurisdiction by relying exclusively on state law." *Owen v. Carpenters' Dist. Council*, 161 F.3d 767, 772 (4th Cir. 1998)

7

(internal marks and citation omitted). Plaintiff's complaint clearly raises causes of action under the Federal Debt Collection Practices Act, a federal statute. *See* 15 U.S.C. §§ 1692, *et seq*.[4] Thus, the complaint was subject to removal.

The question remains, however, as to whether removal was timely. Pursuant to 28 U.S.C. § 1446(b), a notice of removal "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" The time for removal "is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." *Barbour v. International Union*, --- F.3d ----, 2011 WL 242131, at *9 (4th Cir. Jan. 27, 2011) (en banc) (quoting *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999)); *see also Gee v. Lucky Realty Homes, Inc.*, 210 F.Supp.2d 732, 736 (D.Md. 2002) ("the rule is that only those defendants

---

[4] Although Plaintiff appears to believe that he has raised additional claims relating to the damage to his truck (ECF No. 23, at 1), the only causes of action appearing on the face of the complaint are those under the FDCPA. To the extent Plaintiff intended to raise other claims, they have not been sufficiently pled.

who have been served must file or join in a timely removal petition").

Plaintiff appears to argue that service of process was properly effected on or about September 3, 2010, when the copies of the complaint he sent, by certified mail, to corporate officers of HSBC were delivered. (ECF No. 13, Ex. F).[5] If one of the defendants was properly served on September 3, the thirty-day removal period would have been triggered and Defendants' notice of removal, filed November 3, would be untimely. Defendants contend that Plaintiff's attempted service was insufficient for a number of reasons and that the removal period, therefore, was never triggered and that Plaintiff's motion for remand was itself untimely.

In cases removed to federal court, state law determines whether service of process was properly effected prior to removal. *See, e.g., Wolfe v. Green*, 660 F.Supp.2d 738, 745 (D.W.Va. 2009). The Maryland Rules permit service on corporations in person, by mail, or, in some circumstances, through substituted service upon the State Department of

---

[5] The "last-served defendant rule" cited by HSBC was recently rejected again by the Fourth Circuit, sitting en banc, in *Barbour*, 2011 WL 242131, at *7-8, 12 (reaffirming holding of *McKinney v. Board of Trustees of Maryland Community College*, 955 F.2d 924, 926 and n. 3 (4th Cir. 1992), that the first-served defendant "must petition for removal within thirty days" and subsequently served defendants may either "join in the petition or move to remand").

Assessments and Taxation ("SDAT"). *See* Md. Rule 2-121(a), 2-124(d), 2-124(o). Generally, a corporation's "resident agent, president, secretary, or treasurer" is authorized to accept service. Md. Rule 2-124(d). If a corporate defendant "has no resident agent, or if a good faith attempt to serve the resident agent, president, secretary, or treasurer has failed, service may be made by serving the manager, any director, vice president, assistant secretary, assistant treasurer, or other person expressly or impliedly authorized to receive service of process." *Id.* Service by mail is effectuated "by mailing to the person to be served a copy of the summons, complaint, and all other papers filed with it by certified mail requesting "Restricted Delivery," *i.e.*, "show[ing] to whom, date, [and] address of delivery." Md. Rule 2-121(a)(3). Alternatively, a plaintiff may serve a corporation by leaving copies of the summons and complaint with the SDAT "if (i) the corporation has no resident agent; (ii) the resident agent is dead or no longer at the address for service of process maintained with the [SDAT]; or (iii) two good faith attempts on separate days to serve the resident agent have failed." Md. Rule 2-124(o).

Here, Defendants assert that service was never properly effected because Plaintiff has yet to serve summonses upon them, as he was required to do pursuant to Md. Rule 2-121(a)(3). Indeed, Plaintiff does not challenge this point and the

10

certificates of service filed on his behalf attest only to service of the complaint. (ECF No. 13, Ex. D, E). Moreover, the return receipt cards filed by Plaintiff reflect that he failed to request restricted delivery, which is also required by Md. Rule 2-121(a)(3). (ECF No. 13, Ex. F). Thus, Plaintiff has not properly effected service of process upon either defendant; consequently, the removal period was never triggered.

Even if Plaintiff had properly served Defendants, his motion to remand was itself untimely. Pursuant to 28 U.S.C. § 1447(c), a remand motion "on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." *See also Stone Street Capital, Inc. v. McDonald's Corp.*, 300 F.Supp.2d 345, 350 (D.Md. 2003) ("the timeliness of removal is an issue that must be raised within thirty days of the removal, or it is waived by Plaintiff," and "the court is with[out] discretion to extend the statutory period"). As noted, Defendants removed the case on November 3, 2010, and Plaintiff does not contend that the court lacks subject matter jurisdiction. Thus, Plaintiff was required to move to remand within thirty days, *i.e.*, by December 3. The instant motion, filed December 10, was one week too late. Accordingly, Plaintiff's "motion in opposition to the notice of removal by Defendants," construed as a motion to remand, will be denied.

**III. Motion to Dismiss**

    **A.   Standard of Review**

The purpose of a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Except in certain specified cases, a plaintiff's complaint need only satisfy the "simplified pleading standard" of Rule 8(a), *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513, (2002), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2). Nevertheless, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted).

The court must consider all well-pled allegations in a complaint as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and must construe all factual allegations in the light most favorable to the plaintiff, *see Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)).

The court need not, however, accept unsupported legal allegations, *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Iqbal*, 129 S.Ct. at 1950, or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979). *See also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not 'show[n] . . . that the pleader is entitled to relief.'" *Iqbal*, 129 S.Ct. at 1950 (quoting Fed.R.Civ.P. 8(a)(2)). Thus, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

**B. Analysis**

Defendants contend that Plaintiffs' FDCPA claims must fail because they are "creditors," not "debt collectors," as defined under the Act. (ECF No. 1, Attach. 1, at 1). Plaintiff challenges this assertion, arguing that Defendants are "debt collectors" because their "collection department called repeatedly and started the conversation[s] by saying they [were] calling to collect a debt." (ECF No. 15, at 2).

The FDCPA only applies to "debt collectors," as defined by 15 U.S.C. § 1692a(6). *See Eley v. Evans*, 476 F.Supp.2d 531, 533 (E.D.Va. 2007). "The term 'debt collector' means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The FDCPA does not apply to a creditor, *i.e.*, "any person who offers or extends credit creating a debt or to whom a debt is owed," except where the creditor "uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts." 15 U.S.C. § 1692(a)(4)-(6).

Plaintiff has not alleged that Defendants attempted to collect debts on behalf of a third party; rather, he acknowledges that his loan was with HSBC, that it was later sold to Santander, and that it was representatives of these creditors that contacted him. Because Defendants were not "debt collectors" within the definition of the FDCPA, Plaintiff's claims in this regard cannot prevail. Accordingly, Defendants' motion to dismiss will be granted.[6]

---

[6] Because Plaintiff cannot establish, under these circumstances, that Defendants are debt collectors, the court declines to exercise its discretion to permit Plaintiff leave to amend his complaint. Moreover, the remaining motions, *i.e.*, to

14

**IV. Conclusion**

For the foregoing reasons, Defendants' motion to dismiss will be granted and the remaining motions will be denied. A separate order will follow.

```
              _____/s/_____
              DEBORAH K. CHASANOW
              United States District Judge
```

---

amend the complaint to correct the names of the parties (ECF No. 14) and to strike Plaintiff's surreply (ECF No. 22) will be denied as moot.